PHŒBE H. BROWN

*v.*

IRA McCORD *et al.*

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

BILL—*must make a case for the relief sought.* Where a bill is filed to compel a tenant to specifically perform her covenant to pay all taxes on lots held by her as tenant, a decree requiring the tenant to pay taxes not claimed in the bill to be unpaid, and a portion of which is expressly charged to have been duly paid, is erroneous, and will be reversed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiff in error.

Messrs. HOLDEN & FARSON, for the defendant in error McCord.

Mr. FRANCIS ADAMS, for the defendant in error the City of Chicago.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

So far as concerns the plaintiff in error, this is a bill, by McCord, seeking to compel her to specifically perform her covenant to pay all revenue taxes on certain lots held by her as tenant. The decree, in McCord's favor, requires her to pay to the city of Chicago the taxes for the year 1869, $495; as taxes for the year 1870, $498; as taxes for the year 1871, $332; and as taxes for the year 1872, $495,—making in all $1820. To reverse this decree the record is brought here. Other taxes were involved in the bill, but they were paid before hearing by the plaintiff in error. The city was made a party defendant with the plaintiff in error. The pleadings consist of the bill, as amended, the answer of the plaintiff in error, the answer of the city, and the replications to these answers.

Counsel for the plaintiff in error says the decree is erroneous because the bill fails to charge that these city taxes for the years 1869, 1870, 1871 and 1872, or for either of them, remain unpaid. This seems to be so. The bill, as amended, says that Mrs. Brown has neglected and refused to pay a large amount of taxes which have been levied upon the premises, and became liens thereon; that tax deeds are held by the city on sales for taxes; that the city is willing to accept the taxes due, and relinquish all rights under the tax deeds;

that Mrs. Brown insists that the city is not entitled to receive these taxes, and that the levy and assessment for these taxes are illegal. After setting out the taxes for which the tax deeds were issued to the city, the bill avers the deeds are void, for the reason, among others, that the city had no authority to cause the lands to be sold for said taxes, and because, as complainant believes, the taxes were paid before the sales, averring that the city alleges there are unpaid taxes due on the land. The bill then charges there are unpaid taxes upon the land due, specifying taxes for 1873, 1874 and 1877. As to the taxes for 1869 and 1870, the bill charges that if any such taxes were against the land, the same "were duly paid thereon." The answer of Mrs. Brown, filed August 7, 1880, says she has always been willing to pay lawful taxes, if they could be separated from unlawful claims for taxes; that in 1871 her tax receipts were destroyed by the great fire; that a claim for delinquent taxes for the years 1869 and 1870 was, on trial in 1873, decided by the county court to be unfounded. Respondent further says there has been no place or officer, since October 8, 1871, where and to whom taxes for 1869, 1870, 1871 or 1872 could lawfully be paid. These are all the allegations in the pleadings forming the issue with Mrs. Brown, having any bearing upon the question of the non-payment of city taxes for the years 1869, 1870, 1871 and 1872, respectively.

It was certainly irregular to grant McCord a decree that Mrs. Brown should pay taxes which he did not claim in his bill were unpaid, and as to a part of which he expressly charged in his bill that they "were duly paid." After the proofs were in, the complainant, before he could ask properly for a decree such as was rendered, should have, on leave, so amended his bill as to lay a proper foundation for the decree. For the error indicated the decree is reversed.

It is also insisted by the plaintiff in error that the lapse of time is *prima facie* proof that the taxes of 1869 and 1870

were in fact paid. The answer sets up no such defence, and under the circumstances in proof the delay seems fully accounted for.

The decree is therefore reversed, and the cause remanded for further proceedings not inconsistent with the views here expressed, the complainant to be allowed to amend his bill.

*Decree reversed.*